CITY OF SOUTH OMAHA V. MARIE TIGHE ET AL.

FILED FEBRUARY 17, 1903.     No. 12,588.

Commissioner's opinion, Department No. 1.

1. Grading Street: PETITION: NECESSARY PREREQUISITE: ABUTTING PROPERTY. A petition signed as required by statute, is a necessary prerequisite to the assessment of the cost of grading a street upon the abutting property.

Syllabus by court; catch-words by editor.

**2. Title of Petitioner:** Record: Evidence. Evidence that the petitioners have no title of record to the premises described in the petition, will support a finding that the petitions were unauthorized and insufficient where the only evidence of ownership is the recitals of the petitions themselves.

Error from the district court for Douglas county.  Action for an injunction, brought to restrain the collection of certain special taxes for grading in the city of South Omaha.  Tried below before Estelle, J.  Injunction made perpetual.  *Affirmed.*

*William C. Lambert,* for plaintiff in error.

*James A. Kerr, contra.*

Hastings, C.

This is an injunction brought to restrain the collection of certain special taxes for grading in the city of South Omaha.  From a decree in favor of the plaintiffs the city brings error, and alleges that the decree is not based upon sufficient evidence.  The basis of the city's contention seems to be, in the first place, that the only requisite to confer jurisdiction on the part of the city authorities to provide for improvements and to assess their cost upon abutting property, is the filing of petitions sufficient upon their face, by their own recitals, to confer jurisdiction.  This doctrine is not in accordance with the frequent decisions of this court, so numerous and so recent that there is no occasion to cite them here.

The next contention is that the decree of the district court is not sustained by sufficient evidence.  While no proof was offered to sustain the petitions, the only evidence adduced against them was that of the register of deeds, who testified that a large number of the petitioners did not appear of record to have any ownership of the abutting property.  It is conceded that if the names of those as to whom this was true are taken from the petitions, there are **not** left the owners of a major part of the

foot-frontage. The trial court distinctly found that the owners of the major part of the frontage of property abutting upon the proposed improvements did not sign the petitions. As above stated, no evidence was introduced by the city. It is true that the only evidence presented by the plaintiffs on this question was that of the register of deeds that a large number of the signers had no title of record. This was undoubtedly admissible proof and constitutes some evidence tending to sustain the action of the trial court, at all events better than the bare recitals of the petitions, which is all the proof on the other side. It would seem that under the circumstances the finding of the trial court should be sustained. If that finding is sustained, then the taxes must be held to be void and subject to injunction.

It is recommended that the decree of the district court be affirmed.

LOBINGIER and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.